**Vernetta STEELE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3012.

United States Court of Appeals, Federal Circuit.

Oct. 4, 2001.

Rehearing Denied Dec. 19, 2001.

Before CLEVENGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

## DECISION

PER CURIAM.

Vernetta Steele petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing her consolidated appeals, Nos. SF–3443–00–0097–I–1 and SF–1221–00–0126–W–1, for lack of jurisdiction. We *affirm.*

## DISCUSSION

### I.

Ms. Steele was employed as an Applications Clerk for the Immigration and Naturalization Service ("INS") under a term appointment that was to end no later than December 31, 1999. Before the expiration of the appointment, Ms. Steele applied for, but did not receive, a promotion to the position of District Adjudication Officer. On November 11, 1999, Ms. Steele appealed the decision not to promote her to the Board, alleging, *inter alia,* prohibited discrimination on the basis of age, gender, and handicapping condition (Docket No. SF–3443–00–0097–I–1). Ms. Steele filed a second appeal with the Board on December 1, 1999 (Docket No. SF–1221–00–0126–W–1). In that appeal, she challenged the INS' decision not to extend her term appointment despite receiving approval for the extension from the Office of Personnel Management ("OPM"). Ms. Steele repeated her earlier claim of discrimination and added an allegation that the decision not to extend her term appointment was in retaliation for her prior disclosure of purportedly unlawful activity to an Equal Employment Opportunity ("EEO") counselor and the Office of Special Counsel ("OSC"). Ms. Steele also alleged that the action taken by the INS improperly punished her for filing workers' compensation claims.

After consolidating the two appeals, an administrative judge ("AJ") of the Board issued an initial decision dismissing the appeals for lack of jurisdiction. In her decision, the AJ pointed out that because the decisions not to promote Ms. Steele and not to extend her term were not "adverse actions," the Board lacked jurisdiction to hear the claims of discrimination and reprisal. In addition, citing *Geyer v. Department of Justice,* 63 M.S.P.R. 13, 16–17 (1994), the AJ rejected Ms. Steele's alternative attempt to assert Board jurisdiction under the Whistleblower Protection Act of 1989 ("WPA"). *See* 5 U.S.C. § 2302(b). The AJ ruled that neither Ms. Steele's complaint to the EEO counselor nor her letter to OSC constituted a "protected disclosure" under the WPA and that Ms. Steele's failure to properly inform OSC of the precise ground for her whistle-

blowing claim precluded the Board's assertion of jurisdiction. *See* 5 U.S.C. § 2302(b)(8).

The AJ's initial decision became the final decision of the Board on August 20, 2000, when the Board denied Ms. Steele's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115. Ms. Steele appeals the Board's final decision to this court pursuant to 5 U.S.C. § 7703.

## II.

■ The issue of "whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review *de novo.*" *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir.1999). A petitioner such as Ms. Steele bears the burden of establishing that a specific law, rule, or regulation vests the Board with jurisdiction to adjudicate her appeal. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.56(a)(2)(i); *Todd v. Merit Sys. Prot. Bd.,* 55 F.3d 1574, 1577 (Fed.Cir.1995). For the reasons which follow we conclude that the Board properly held that it lacked jurisdiction to review the INS' decisions not to promote Ms. Steele or to extend her term appointment.

Ms. Steele must demonstrate either that her non-selection and termination after her term expired were adverse actions *per se* appealable to the Board or that she met the requirements for filing an individual right of action ("IRA") appeal under the WPA. The Board correctly held that a decision not to promote a term employee or to extend such an employee's employment is not an adverse action that is *per se* appealable to the Board. *See* 5 C.F.R. § 316.303(b); *Prewitt v. Merit Sys. Prot. Bd.,* 133 F.3d 885, 886 (Fed.Cir.1998); *Soehngen v. Department of Justice,* 47 M.S.P.R. 169, 172 (1991), *aff'd,* 945 F.2d 418 (Fed.Cir.1991) (Table), *cert. denied,* 503 U.S. 939, 112 S.Ct. 1482, 117 L.Ed.2d 624 (1992).

■ A petitioner must establish Board jurisdiction in an IRA appeal under the WPA by "making non-frivolous allegations that: (1) the petitioner engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) based on the protected disclosure, the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Willis v. Dep't of Agric.*., 141 F.3d 1139, 1142 (Fed.Cir. 1998). In addition, a petitioner must also demonstrate that he or she raised the whistleblower claim before OSC and that proceedings before OSC were exhausted. *See Serrao v. Merit Sys. Prot. Bd.,* 95 F.3d 1569, 1573 (Fed.Cir.1996). Ms. Steele argues that her complaint to the EEO counselor and letter to OSC satisfied the jurisdictional requirements. We disagree. The complaint to the EEO counselor, which disclosed alleged reprisals Ms. Steele had suffered as a result of filing a workers' compensation claim, does not constitute whistleblowing activity under the standard set forth in the WPA and interpretive case law. See 5 U.S.C. § 2302(b)(8); *Spruill v. Merit. Sys. Prot. Bd.,* 978 F.2d 679, 691–92 (Fed.Cir.1992). Instead of disclosing a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety, as required by the WPA, Ms. Steele's complaint to the EEO counselor concerned alleged retaliation for the exercise of her right to file for workers' compensation benefits–a violation separate and distinct from the harms cognizable under the WPA. *See Spruill,* 978 F.2d at 691–92. The second potential protected disclosure– the letter Ms. Steele submitted to OSC– did not contain a protected disclosure or any specific allegation that the INS had

866

violated a law, rule, or regulation. Accordingly, it does not satisfy the first requirement for jurisdiction under the WPA.

 In addition, the Board lacked jurisdiction to hear Ms. Steele's WPA claim as a result of her failure to exhaust her remedies before OSC. In order to satisfy the exhaustion requirement for establishing Board jurisdiction in an IRA appeal, a petitioner must "inform the Special Counsel of the precise ground for his charge of whistleblowing." *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed.Cir.1992). Ms. Steele's letter failed to inform OSC of any reprisal against her because of whistleblowing, let alone a "precise ground for such a charge." Therefore, the Board correctly concluded that Ms. Steele did not exhaust her administrative remedies before OSC and could not invoke the Board's jurisdiction under the WPA.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.